UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE:<br><br>MALLORY JAYNES,<br><br>     Debtor. | Chapter 7<br><br>Bk. No. 20-82299-CRJ-7 |
| MALLORY JAYNES,<br><br>     Plaintiff,<br><br>v.<br><br>THE HEALTHCARE AUTHORITY OF THE CITY OF HUNTSVILLE and MEDICREDIT, INC.<br><br>     Defendants. | Adv. Case No. 21-80015-CRJ |

## **DEFENDANT THE HEALTHCARE AUTHORITY OF THE CITY OF HUNTSVILLE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ADVERSARIAL COMPLAINT**

Defendant, The Healthcare Authority of the City of Huntsville answers plaintiff's Adversary Complaint ("Complaint") as follows:

### **COMPLAINT**

No response is required to plaintiff's opening paragraph.

### **Parties, Jurisdiction, and Nature of Action**

1. Admitted.

2. Admitted.

3. This defendant admits the allegations in paragraph 3 as to Huntsville Hospital. This defendant admits that Medicredit made calls on behalf of Athens-Limestone Hospital to the plaintiff's telephone number for the purpose of collecting a debt from another individual who provided Athens-Limestone Hospital with the same telephone number and address.[1] Therefore, this defendant specifically denies that Medicredit was attempting to collect a debt from plaintiff on behalf of Athens-Limestone Hospital.

4. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent an answer is required, denied.

5. This defendant admits the allegations in the first paragraph. In response, to the second paragraph, this defendant admits that certain damages are allowable under 11 U.S.C. § 362 for violations of the automatic stay. Except as expressly admitted, the allegations in paragraph 5 of the complaint are denied.

## Claim — Violation of the Automatic Stay

6. This defendant incorporates each and every response to the preceding paragraphs as if set forth herein.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. This defendant admits the allegations in paragraph 11 as to Huntsville Hospital. This defendant admits that Medicredit made calls on behalf of Athens-Limestone Hospital to the

---

[1] The name of the individual referenced has been withheld from this answer to comply with this defendant's obligation to protect confidential patient information under HIPAA. Upon entry of a HIPAA order, this defendant will disclose the identity of this individual to the Court and/or plaintiff.

2

plaintiff's telephone number for the purpose of collecting a debt from another individual who provided Athens-Limestone Hospital with the same telephone number and address as the debtor. Therefore, this defendant specifically denies that Medicredit was attempting to collect a debt from plaintiff on behalf of Athens-Limestone Hospital.

12. This defendant admits that Medicredit's attempts to collect a debt from plaintiff on behalf of Huntsville Hospital violate 11 U.S.C. § 362(a). For the reasons set out in response to paragraphs 3 and 11, this defendant denies that Medicredit's attempts to collect a debt on behalf of Athens-Limestone Hospital violate 11 U.S.C. § 362(a).

13. This defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 13 of the complaint. Accordingly, such allegations are denied.

14. Denied.

15. This defendant admits that certain damages are allowable under 11 U.S.C. § 362 for violations of the automatic stay. This defendant denies systematically abusing the automatic stay. This defendant denies that it has violated the automatic stay "with impunity and with complete disregard for the Federal Law and the orders of this honorable Court" as alleged in paragraph 15 of the complaint. Defendant further denies that it has intentionally misled the Court through the affidavit of Chris Rush as alleged in plaintiff's complaint. The remaining allegations of paragraph 15 are conclusions of law to which no response is required. To the extent an answer is required to those remaining allegations, denied.

16. This defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph 16 of the complaint. Accordingly, all such allegations are denied.

3

WHEREFORE, this defendant requests that this Court award judgment in its favor and against plaintiff, together with costs, attorneys' fees and such other relief as this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

Upon information and belief and subject to further investigation and discovery, this defendant alleges the following defenses without assuming the burden of proof where such burden is otherwise on plaintiff:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of physical injury are barred by the principles of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and its prodigy. This defendant demands strict medical proof of plaintiff's claims of medical injury.

### THIRD AFFIRMATIVE DEFENSE

This defendant reserves the right to assert additional defenses upon further particularization of plaintiff's claims and upon discovery of further information concerning plaintiff's alleged claim and upon the development of other pertinent information.

Respectfully submitted, this the 18th day of March, 2021.

        *S/Andrew M. Townsley*
        Daniel F. Beasley
        Andrew M. Townsley
        LANIER FORD SHAVER & PAYNE, P.C.
        2101 W. Clinton Avenue, Suite 102
        Huntsville, AL 35805
        Telephone: (256) 535-1100


        *S/Tracy A. Marion*
        Tracy A. Marion
        CHARLES RAY, P.C.
        200 West Side Square, Suite 50
        Huntsville, AL 35801
        Telephone: (256) 945-0944

        Attorneys for Defendant The Health Care
        Authority of the City of Huntsville d/b/a
        Huntsville Hospital Heart Center

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed this 18th day of March 2021, via CM/ECF, which will electronically notify all counsel of record. I do certify that a copy of the foregoing was emailed to Plaintiff's counsel at the following:

John C. Larsen, Esq.
Larsen Law P.C.
1733 Winchester Road
Huntsville, AL 35811
john@jlarsenlaw.com

*S/Andrew M. Townsley*
OF COUNSEL
