IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE MALLORY JAYNES,

    Debtor,

Bankruptcy Case Number
20-82299-CRJ-7

MALLORY JAYNES,

    Plaintiff,

v.

Adversary Proceeding No.
21-80015-CRJ

THE HEALTHCARE AUTHORITY OF THE
CITY OF HUNTSVILLE,
MEDICREDIT, INC.,

    Defendant.

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND APPLICATION FOR APPROVAL OF ATTORNEY'S FEE

Comes Now, Mallory Jaynes (the "Debtor") with The Healthcare Authority of the City of Huntsville and MediCredit, Inc. (together with the Debtor, the "Movants") and hereby move this Court pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure for the entry of an Order approving the compromise and settlement described herein. In support of the Motion to Approve Compromise, Movants show unto the court as follows.

### JURISDICTION AND PROPOSED NOTICE

1. The Motion is being brought pursuant to 11 U.S.C. § 105 and Rule 9019(a) of the Bankruptcy Rules.
2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).
3. In accordance with Bankruptcy Rules 9019(a) and 2002, the Motion is being served on all parties-in-interest and all parties filing an appearance notice.

1

## FACTUAL BACKGROUND

4. This adversary proceeding arises from Jaynes's allegations that The Healthcare Authority of the City of Huntsville and MediCredit, Inc. violated the automatic stay imposed by 11 U.S.C. § 362.

5. In this adversary proceeding, Jaynes alleges that The Healthcare Authority of the City of Huntsville and MediCredit, Inc. violated the Automatic Stay by contacting him in an attempt to collect a prepetition debt after the bankruptcy was filed.

6. The Healthcare Authority of the City of Huntsville and MediCredit, Inc. denies all wrongdoing as alleged in the Adversary Proceeding.

## NEW PROCEDURES IMPLEMENTED BY THE DEFENDANT TO AVOID FUTURE VIOLATIONS OF THE AUTOMATIC STAY

7. See the Supplement filed by the Defendants.

## TERMS OF THE PROPOSED SETTLEMENT

8. After negotiation, and in the interest of avoiding the uncertainties associated with litigation, Plaintiff Mallory Jaynes and Defendants The Healthcare Authority of the City of Huntsville and MediCredit, Inc. have agreed to a compromise and settlement of the claim on the terms and conditions set forth herein.

9. The terms of the proposed settlement are as follows:

    a. The Healthcare Authority of the City of Huntsville and MediCredit, Inc. shall pay to Jaynes's counsel a total of $11,000.00 to settle any and all claims arising from this adversary proceeding.

    b. This amount includes all costs and fees, including but not limited to Jaynes's Attorney's fee;

    c. Pursuant to 11 U.S.C. §362(k)(1), The Healthcare Authority of the City of Huntsville and MediCredit, Inc. shall pay to Jaynes's counsel a total of $11,000.00 to settle any and all claims arising from this adversary proceeding. Debtor's counsel requests to retain $9,900.00 of the settlement representing

31.00 hours for the work performed in the preparation and prosecution of the adversary proceeding at an hourly rate of $350.00. Counsel has worked diligently on this case since February 10, 2020 and will continue to do so until the proceeding closes. Counsel has reduced his fee from $10,850.00 to $9,900.00. The Debtor shall retain $1,100.00 as allowed by her exemptions. Defendants are to disburse the funds to Larsen Law, P.C. within 30 days from the date of this order. Larsen Law, P.C. will distribute the funds as set out in this motion.

## RELIEF REQUESTED

10. The parties jointly request that this Court approve the settlement that has been reached by Plaintiff Mallory Jaynes and Defendants The Healthcare Authority of the City of Huntsville and MediCredit, Inc. in which all of the issues in the claim will be resolved as to those parties. The settlement of this claim is a result of good faith, arm's length negotiations between the respective attorneys for the parties and after a thorough review of the merits of the case.
11. The settlement of the claims in this adversary proceeding meets all applicable legal standards and is well within the range of reasonableness.
12. The approval of a compromise and settlement in a bankruptcy case is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval of the settlement is an abuse of discretion. *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-603 (5th Cir. 1980). To properly exercise this discretion, the bankruptcy court must consider whether the compromise proposed "'falls below the lowest point in the range of reasonableness.'" *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs. Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985) (internal citation omitted).
13. The Eleventh Circuit has held a bankruptcy court must consider and evaluate the following factors:
    (a) the probability of success in the litigation;

3

(b) the difficulties, if any to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending the litigation; and,

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Wallis v. Justice Oaks II Ltd. (In re Justice Oaks II Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). When making an evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underling the compromised disputes. *Teltronics* at 189. Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and should make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

14. Federal Rule of Bankruptcy Procedure 9019 provides that, after conducting a hearing on notice to creditors, the bankruptcy court may approve a compromise and settlement. To assure a compromise is proper in a given case, the court must be apprised of the necessary facts for an intelligent, objective, and educated evaluation and compare the "terms of the compromise with the likely rewards of litigation." *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968).

15. The settlement proposed in this motion meets the standard for approval under Federal Rule of Bankruptcy Procedure 9019 and is in the best interests of the bankruptcy estate. The settlement was reached after thorough analysis of the merits of Jaynes's claims and the defenses of The Healthcare Authority of the City of Huntsville and MediCredit, Inc. with regard to the claims asserted in the adversary proceeding.

**WHEREFORE**, the parties ask this Court to enter an order approving the settlement described in this motion.

/s/ *John C. Larsen*
John C. Larsen
Attorney for the Debtor/Plaintiff,
Mallory Jaynes

4

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@larsenlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon all creditors listed on the mailing matrix and all attorneys of record by electronic notice and/or by depositing a copy thereof in the United States Mail, properly addressed and postage prepaid, on this the 15th day of July, 2021.

Tazewell T. Shepard IV
Attorney for Defendant MediCredit, Inc.
SPARKMAN, SHEPARD & MORRIS, P.C.
P.O. Box 19045
Huntsville, AL 35804
ty@ssmattorneys.com

Daniel F. Beasley
Andrew M. Townsley
Attorneys for Defendant The Healthcare Authority of the
City of Huntsville
LANIER FORD SHAVER & PAYNE, P.C.
2101 W. Clinton Avenue, Suite 102
Huntsville, AL 35805
AMT@lanierford.com

Tracy A. Marion
Attorney for Defendant The Healthcare Authority of the City
of Huntsville
CHARLES RAY, P.C.
200 West Side Square, Suite 50
Huntsville, AL 35801

A copy was served electronically on Michele Hatcher, Chapter 13 Trustee, and Richard Blythe, Bankruptcy Administrator, on this the 15th day of July, 2021.

/s/ *John C. Larsen*

5

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 20-82299-CRJ7<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Mon Jun 21 16:07:16 CDT 2021 | U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 | (c)1ST FRANKLIN FINANCIAL<br>2701 MALL RD STE 3<br>FLORENCE AL 35630-2886 |
| American Credit Acce<br>Attn: Bankruptcy<br>961 E Main St<br>Spartanburg, SC 29302-2185 | Franklin Collection Service, Inc.<br>2978 West Jackson Street<br>Po Box 3910<br>Tupelo, MS 38803-3910 | Helen Keller<br>1300 S. Montgomery Ave<br>Sheffield, AL 35660-6367 |
| Huntsville Hospital Women & Children<br>245 Governors Dr. SE<br>Huntsville, AL 35801-2700 | Independent Bank<br>Attn: Bankruptcy<br>5050 Poplar Ave; Suite 112<br>Memphis, TN 38157-0112 | Listerhill Credit Union<br>Attn: Bankruptry<br>4790 E 2nd St<br>Muscle Shoals, AL 35661-1285 |
| Madison Surgery Center<br>460 Lanier Rd<br>Madison, AL 35758-2632 | Reg Fin Al<br>2415 Rosedale Street<br>Muscle Shoals, AL 35661-6426 | Smith Rouchon & Associates, Inc.<br>Attn: Bankruptcy<br>1110 Bradshaw Dr<br>Florence, AL 35630-1438 |
| Tower Loan of Athens<br>P.O. Box 288<br>Athens, AL 35612-0288 | Wells Fargo Bank NA<br>Attn: Bankruptcy<br>1 Home Campus Mac X2303-01a<br>Des Moines, IA 50328-0001 | Wells Fargo Dealer Services<br>Attn: Bankruptcy<br>1100 Corporate Center Drive<br>Raleigh, NC 27607-5066 |
| John C. Larsen<br>Larsen Law, P.C.<br>1733 Winchester Rd<br>Huntsville, AL 35811-9190 | Judith Thompson<br>P.O. Box 18966<br>Huntsville, AL 35804-8966 | Mallory Jaynes<br>100 Deer Point Ln Apt F7<br>Rogersville, AL 35652-2936 |

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

| | |
|---|---|
| 1st Franklin Financial<br>2701 Mall Drive, Suite 3<br>Florence, AL 35630 | End of Label Matrix<br>Mailable recipients    17<br>Bypassed recipients     0<br>Total                  17 |